[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION Re: Defendant's Motion For Contempt or Order Dated August 17, 2000
The following procedural background information is relevant to the court's determination of the instant motion (#127). The marriage of the parties was dissolved by the court (Barall, J.) on February 13, 1991. Paragraphs 5 and 6 of the judgment read as follows:
5. LUMP SUM ALIMONY.
 A. The Plaintiff shall pay to the defendant lump sum alimony in the amount of $50,850.00 together with 6.5% simple interest commencing February 13, 1991 payable in full on the first to occur of the following events: (1) June 30, 2000; (2) at such time as neither of the parties' two minor children are enrolled in high school or full-time pursuit of an undergraduate degree excluding summer vacation and any absence attributable to the health or illness of the child; (3) death of the plaintiff; or (4) sale by the plaintiff of the real property known as 326 Timrod Road, Manchester, Connecticut. CT Page 14467
 B. In order to provide security of the aforementioned lump sum alimony award, within ten (10) days of the date of dissolution, the plaintiff shall execute a Note together with a mortgage deed securing same on the real property known as 326 Timrod Road, Manchester, Connecticut in the amount of $50,850 principal plus simple interest from February 13, 1991 at the rate of 6.5% per annum payable on the first to occur of the events itemized in subparagraph A above.
 C. Said mortgage deed shall be recorded immediately following the quit claim deed described in the next succeeding paragraph.
6. 326 TIMROD ROAD, MANCHESTER, CONNECTICUT.
 A. Within ten (10) days of the date of dissolution, the defendant shall execute a quit claim deed transferring all of her right, title and interest in and to the real property known as 326 Timrod Road, Manchester, Connecticut to the plaintiff. By virtue of said deed, the defendant relinquishes any interest she may have in said real property.
 B. The plaintiff hereby agrees to pay and to indemnify and hold the defendant harmless in regard to any loss flowing from a default under the first mortgage and home equity loan against 326 Timrod Road, Manchester, Connecticut.
Pursuant to paragraph 5 the defendant notified the plaintiff after June 30, 2000 that she was making demand for payment of the lump sum alimony then due to her. Shortly after making such demand she discovered that the security referred to in paragraph 5B and 5C was never recorded. In addition, the plaintiff had additionally encumbered the property subsequent to the dissolution.
The defendant's motion followed.
The parties appeared with counsel on February 23, 2001 and offered testimony and, introduced documentary evidence. The court, having reviewed the evidence, exhibits and proposed orders makes the following findings of fact.
It is clear from the evidence that counsel or their office staff CT Page 14468 representing the parties at and immediately following the dissolution failed to ensure that the provisions of the judgment were in place. Through some means the plaintiff came into possession of the quit-claim deed executed by the defendant and recorded the same without the mortgage deed being recorded as well thereby depriving the defendant of her security for the lump sum alimony payment that was due her on June 30, 2000. The plaintiff was fully aware that the mortgage deed was not recorded and subsequently further encumbered the property. Subsequent to the filing of the instant motion the property in question was sold and the defendant received the sum of $26,593.10. The plaintiff does not deny the defendant is entitled to the balance of her money but disputes the payment of a higher interest rate than that set forth in the mortgage note, attorney's fees and the manner of securing the balance due the defendant. The court finds the plaintiff is in contempt of the orders of the court and that his contempt is willful.
The parties are in agreement that the balance of the principal due the defendant after crediting the $26,593.10 set forth above amounts to $50,850.00. The defendant claims that commencing July 1, 2000 she is entitled to interest at the statutory rate of 10%. The court agrees. The court disallows the defendants' claim of out-of-pocket costs but awards her the sum of $7,500.00 in attorneys fees. In summary, the plaintiff is indebted to the defendant in the amount of $61,348.06. Said amount or any balance remaining unpaid shall accrue simple interest at the rate of 10% per annum. The plaintiff shall pay the amount due to the defendant in the following manner:
1. The defendant shall immediately liquidate his Morgan Stanley Dean Witter IRA and forthwith pay the proceeds to the defendant. Any adverse tax consequences shall be borne by the plaintiff.
2. Commencing one (1) month from the date of this decision the plaintiff shall pay to the defendant the sum of $1,500 per month.
3. The plaintiff has a savings and investment plan with his employer, Timken. The balance in said plan is more than enough to pay the defendant. However, the plaintiff is unable to borrow against the plan because he has already done so and is prohibited from doing so until the current borrowing is repaid. Immediately upon his ability to again borrow from the plan the plaintiff shall do so and pay the remaining balance due the defendant forthwith. Until the defendant is paid in full the plaintiff shall not cash out, assign, borrow against, withdraw from or otherwise invade or alienate any portion of the plan.
4. As additional security the plaintiff shall execute and deliver to the defendant a mortgage upon his interest in and to real property known CT Page 14469 as 1239 Ellsworth Drive, Whitehall Township, Lehigh County, Pennsylvania. Said mortgage shall secure the balance due to the defendant and shall be accompanied by a mortgage note executed by the plaintiff. The defendant shall not attempt to foreclose said mortgage unless the plaintiff is more that sixty (60) days delinquent in any of the other orders as herein set forth.
BY THE COURT
John R. Caruso, J.